**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 12, 2026
Decided May 19, 2026

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

REBECCA TAIBLESON, *Circuit Judge*

| | |
|---|---|
| No. 25-2190 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| WALTER JOSEPH MEGNA, *Plaintiff-Appellee,* | |
| *v.* | No. 24-cv-0588-scd |
| JOHN MUSIAL and ALEXIA ZAK, *Defendants-Appellants.* | Stephen C. Dries, *Magistrate Judge.* |

## O R D E R

Two police officers stopped a truck in which Walter Megna was a passenger. The stop led to the discovery of heroin on his person. Understanding that he cannot obtain damages for the ensuing time in prison, see *Heck v. Humphrey*, 512 U.S. 477 (1994), Megna filed this suit to seek damages for the stop of the truck.

The officers sought summary judgment, contending that they stopped the truck because its license plate was not properly illuminated. That would supply probable cause for a stop, even if the officers' real reason was to investigate drug trafficking. See

*Whren v. United States*, 517 U.S. 806 (1996). Megna replied that he looked at the plate area and found the lights working. Defendants said that, if the lights were working, then the plate must have been dirty, because it was unreadable from 50 feet away, as state law requires. Wis. Stat. §347.13(3). A magistrate judge, presiding by consent under 28 U.S.C. §636(c), denied the motion for summary judgment, ruling that a reasonable jury could find that the officers lacked cause for the stop. 2025 U.S. Dist. LEXIS 89612 (E.D. Wis. May 12, 2025), reconsideration denied, 2025 U.S. Dist. LEXIS 127980 (July 7, 2025). They immediately appealed, contending that they are entitled to qualified immunity.

Appellants' fundamental problem is that a pretrial appeal seeking the benefit of qualified immunity rests on a contention that the law is not clearly established in plaintiff's favor. Yet defendants do not tell us that there is a dispute about what rule of law is clearly established, and at what level of generality. Everyone agrees that, if the license plate was not visible from 50 feet away, then the officers were entitled to stop the truck but otherwise not. The disagreement concerns whether a reasonable jury could find the plate readable from 50 feet—and the magistrate judge determined that the evidence of record allows a jury to decide that question either way. A pretrial appeal cannot be used to get an appellate decision on a factual issue such as this. See *Johnson v. Jones*, 515 U.S. 304 (1995); *Perez v. Guetschow*, 173 F.4th 862 (7th Cir. 2026); *Raddant v. Douglas County*, 170 F.4th 583, 590–92 (7th Cir. 2026); *Steinhoff v. Malovrh*, 170 F.4th 647, 653–54 (7th Cir. 2026).

Appellants assert that it is "established" that the plate was not readable from 50 feet. That is not so. The officers testified that the plate was not readable, but one side's testimony does not "establish" a fact. A video recording from the officers' car does not incontrovertibly show the plate's condition, the magistrate judge found. Megna, as the party opposing summary judgment, is entitled to the benefit of all reasonable inferences in his favor. He testified, based on personal observation, that the lights were working and implied that the license plate was clean. Maybe he was mistaken—or maybe the officers are mistaken—but the mere fact that Megna was in the truck rather than in the car approaching from behind does not allow a court to take the officers' statements as gospel. If the lights were working and the plate clean, then a reasonable jury could infer that the plate was visible from 50 feet and the stop was unjustified.

The question that appellants want us to resolve is factual, not legal. It is for a jury to decide. The appeal is dismissed for want of jurisdiction.